**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT**

| | | | |
|---|---|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | ) ) ) | | |
| Plaintiff, | ) ) | | |
| V. | ) | Case No.: | 1:22-cv-02501 |
| ARTURO ROGEL dba RHINO CONSTRUCTION SOLUTIONS; KOGEN FRIEDMAN DEVELOPMENT, INC. f/k/a KZF DEVELOPMENTS, INC.; TIMBER'S EDGE BUILDERS, LLC and ERIC FARIAS, | ) ) ) ) ) ) ) | | |
| Defendants. | ) | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Crum & Forster Specialty Insurance Company ("CFSIC"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants, ARTURO ROGEL dba RHINO CONSTRUCTION SOLUTIONS ("Rhino"), KOGEN FRIEDMAN DEVELOPMENT, INC. f/k/a KZF DEVELOPMENT, INC. ("KZF"), TIMBER'S EDGE BUILDERS, LLC ("Timber's Edge") and ERIC FARIAS ("Farias"), states as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. In this action, CFSIC seeks a determination of its rights and obligations under an insurance policy it issued to named insured Rhino in connection with an underlying complaint which assert certain claims against Rhino, KZF and Timber's Edge, and a and third-party complaint filed against Rhino by KZF and Timber's Edge.

## JURISDICTION AND VENUE

2.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule

57 of the Federal Rules of Civil Procedure.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

4.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), as Defendants Rhino and KZF reside in this district.

5.      Plaintiff CFSIC is a corporation organized and existing under the laws of the state of Delaware, with its main administrative offices located in Morristown, New Jersey. At all relevant times, CFSIC was authorized to conduct business in the State of Illinois.

6.      Defendant Rhino is a resident and citizen of Gurnee, Illinois.

7.      Defendant KZF is an Illinois corporation with its principal place of business in Northbrook, Illinois.

8.      Defendant Timber's Edge is an Illinois corporation with its principal place of business in Northbrook, Illinois.

9.      Defendant Farias is a resident and citizen of Illinois.

10.     The Underlying Action (as defined herein) is pending in the Circuit Court of Cook County, Illinois.

11.     On March 29, 2021, Defendant Farias filed an amended complaint in the Underlying Action.

12.     Defendants KZF and Timber's Edge have filed a Third-Party Complaint against Rhino in which they assert that, in the event they are found liable for the claims asserted against it in the Amended Complaint filed in the Underlying Action, KZF Development and/or Timber's Edge are entitled to contribution from Rhino pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et seq.*

13.     CFSIC issued an insurance policy to Defendant Rhino as described more fully below.

14.     The scope of the coverage available to Rhino is governed by the terms, conditions, and exclusions of the policy.

15.     Plaintiff CFSIC does not assert any claim against Defendant Farias in this Complaint and Defendant Farias has been named as a defendant in this action solely as a necessary party.

## THE UNDERLYING ACTION

16.     On March 29, 2021, Farias filed an amended complaint (the "Complaint") in a lawsuit styled Eric Farias v. Kogen Friedman Development, Inc. f/k/a KZF Development, Inc. and Timber's Edge Builders, LLC, Case No. 19-L-14285, in the Circuit Court of Cook County, Illinois (the "Underlying Action"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

17.     The Complaint alleges, *inter alia*, that on or before November 16, 2017, KZF owned and/or was in control of the erection, construction, repairs, alteration, removal and/or painting of a certain building or structure located at Saunders and Dundee Roads, in Northbrook, Illinois (the "Premises"). Ex. A at ¶ 2.

18.     The Complaint further alleges that, at the aforementioned time, Farias was employed as a carpenter by Rhino and was on the Premises lawfully and in furtherance of work. Ex. A at ¶ 3.

19.     The Complaint further alleges that KZF and Timber's Edge were present during the course of such restoration, construction, and defendant, and participated in coordinating the work being done, designated various work methods, maintained and checked the work in progress, and

participated in the scheduling of work and the inspection of work on the Premises. Ex. A at ¶ 4.

20.     The Complaint further alleges that KZF and Timber's Edge had the authority to stop or refuse the work and materials, and to order changes in the work in the event it was being performed in a dangerous manner. The Complaint further alleges that KZF and Timber's Edge self-performed certain work through its direct employees and agents. Ex. A. at ¶ 4.

21.     The Complaint further alleges that, at the aforementioned time and place, Farias was working at an unsecured height on the deck area of the building located at the Premises nailing the trim joints in place, when an improperly constructed chimney/wall caused the Farias to fall approximately 10 feet, causing injury. Ex. A at ¶ 11.

22.     The Complaint further alleges that, at the aforementioned time and place, KZF and Timber's Edge had a duty to exercise reasonable care in the construction on the Premises, to maintain the Premises in a safe condition, and to provide those employed on the Premises with a safe place to work. Ex. A at ¶¶ 5, 6.

23.     The Complaint alleges that KZF and Timber's Edge was negligent in one or more of the following ways: failed to make a reasonable inspection of the Premises and work when it knew, or should have known, that said inspection was necessary to prevent injury to the Farias; improperly operated, managed, maintained and controlled the Premises; failed to provide a safe workplace; failed to warn of the dangerous conditions existing on the Premises; failed to properly construct, secure, and maintain the building, chimney, and walls; allowed access to the deck to perform work without fall protection; and/or failed to require adequate hoisting implements for the movement and/or placement of walls. Ex. A at ¶ 12.

24.     The Complaint further alleges that, as a direct and proximate cause of the negligent acts and omissions of KZF and Timber's Edge, Farias suffered injuries of a personal, permanent,

4

and pecuniary nature.  Ex. A  at ¶ 13.

25.     The Complaint asserts the following causes of action against KZF based on the aforementioned conduct: Count I – Construction Negligence; Count II – Negligence; and Count III – Premises Liability.

26.     The Complaint asserts the following causes of action against Timber's Edge based on the aforementioned conduct: Count IV – Construction Negligence; Count V – Negligence; and Count VI – Premises Liability.

27.     On March 16, 2022, KZF and Timber's Edge filed a third-party complaint against Rhino Construction Solutions, Inc. in the Underlying Action (the "Third-Party Complaint").  A true and correct copy of the Third-Party Complaint is attached hereto as Exhibit B.

28.     The Third-Party Complaint alleges that KZF and Timber's Edge deny all liability for the claims asserted against them in the Complaint, but asserts in the alternative that in the event they are found liable for the claims asserted against them in the Complaint, KZF and Timber's Edge is entitled to contribution from Rhino pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et seq.* Ex. B at ¶¶ 2, 3.

29.     The Third-Party Complaint alleges that, at all relevant times, Rhino was working as a carpentry subcontractor on the Premises. The Third-Party Complaint further alleges that Rhino hired Farias to perform carpentry work on the Premises including, but not limited to, work on the roof of the building. Ex. B at ¶¶ 5, 6.

30.     The Third-Party Complaint further alleges that, at all times relevant, Rhino owed a duty to exercise reasonable care for the safety of Farias, and was negligent in one or more of the following ways: failed to properly and adequately train Farias for the dangers on a roof; failed to provide Farias with adequate fall protection; failed to provide Farias with appropriate workplace

safety training; failed to properly supervise Farias while he was using a ladder or present on the roof; failed to make a proper and safe ingress and egress available to Farias; and/or failed to provide a safe working environment. Ex. B at ¶¶ 7, 8.

### THE POLICY

31.     CFSIC issued Commercial General Liability Policy No. BAK-32649-1 (the "Policy") to named insured Artugo Rogel DBA Rhino Construction Solutions, effective from August 9, 2017 to August 9, 2018. A true and correct certified copy of the Policy is attached hereto as Exhibit C.

32.     The Policy provides Commercial General Liability insurance subject to a $1,000,000 Each Occurrence limit of liability and a $2,000,000 General Aggregate.  Ex. C at p. 12.

33.     Coverage A under the Commercial General Liability Coverage Part of the Policy provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**

**1.  Insuring Agreement**

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But: […]

*** 

6

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; […]

***

**2. Exclusions**

This insurance does not apply to:

***

    **e.**    **Employer's Liability**

    "Bodily injury" to:

    (1) An "employee" of the insured arising out of and in the course of:

        (a)    Employment by any insured; or
        (b)    Performing duties related to the conduct of any insured's business; or

    (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

    This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

    This exclusion does not apply to liability assumed by the insured under an "insured contract".

***

Ex. C at pp. 15.

    34.    **SECTION II – WHO IS AN INSURED** of the Policy provides, in pertinent part, as follows:

    **1.** If you are designated as in the Declarations as:

    **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

***

35.     **SECTION V – DEFINITIONS** of the Policy includes the following relevant definitions:

***

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

***

**5.**     "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

***

**10.**     "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

***

**13.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

**19.**     "Temporary worker"[1] means any person who is:

    a.   furnished to you to substitute a permanent "employee";
    b.   a short-term worker; or
    c.   not an "employee" or "volunteer worker".

***

Ex. C at pp. 25-28.

36.     The Policy contains a Contractors Coverage Limitations and Audit Endorsement (form SB051-0615) which provides, in pertinent part, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

---

[1] As amended by the Contractors Coverage Limitations and Audit Endorsement (form SB051-0615).

8

## CONTRACTORS COVERAGE LIMITATIONS AND AUDIT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

A. **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, e. Employer's Liability**, and **SECTION I – COVERAGES, PRODUCTS/COMPLETED OPERATIONS, BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, e. Employer's Liability**, are deleted and replaced with the following:

This insurance does not apply to:

**e.     Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" or "temporary worker" of any insured arising out of and in the course of:

**(a)** Employment by any insured; or
**(b)** Performing duties related to the conduct of any insured's business;

**(2)** A fellow "employee" or "temporary worker" of any insured arising out of and in the course of such employment when the insured is an "executive officer" of such employer; or

**(3)** The spouse, child, parent, brother or sister of that "employee" or "temporary worker" as a consequence of Paragraph (1) above.

This exclusion applies:

**(1)** Whether an insured may be liable as an employer or in any other capacity;

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury; or

**(3)** To any liability assumed under any contract or agreement.

\*\*\*

Ex. C at p. 43.

37.     The Policy contains a Limitation of Coverage to Business Description Endorsement (form SB064-0615) which provides, in pertinent part, as follows:

\*\*\*

## LIMITATION OF COVERAGE TO BUSINESS DESCRIPTION

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SCHEDULE**

BUSINESS   DESCRIPTION:   RESIDENTIAL   FRAMING CONTRACTOR FOR NEW HOMES

A.   **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, b**.  is amended and the following added:

**(4)** The "bodily injury" or "property damage" is caused by or results from the business described in the Schedule.

B.   **SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 1. Insuring Agreement, b.** is amended and the following added:

This insurance applies to "personal and advertising injury" caused by an offense in the course of the business described in the Schedule.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

\*\*\*

Ex. C at p. 45.

## THIS DISPUTE

38.     CFSIC received notice that coverage is sought by Rhino under the Policy in connection with the claims asserted against them in the Underlying Action.

39.    CFSIC has determined through its coverage investigation that it owes no obligation to defend or indemnify Rhino in connection with the claims asserted against them in the Complaint and/or Third-Party Complaint filed in the Underlying Action.

40.    CFSIC has advised Rhino in writing that it disclaims any obligation under the Policy to provide it a defense to or indemnify them in connection with the claims asserted against them in the Underlying Action.

41.    CFSIC now brings this action to obtain a judicial declaration that the Policy provides no defense or indemnity obligations to Rhino in connection with the claims asserted against it in the Underlying Action.

## COUNT I

### (No Duty to Defend or Indemnify  Rhino -
### Exclusion a. (Employer's Liability) of Coverage A Precludes Coverage)

42.    CFSIC incorporates by reference herein paragraphs 1 through 41, as if the same were fully set forth at length.

43.    Exclusion e. (Employer's Liability) of Coverage A – Bodily Injury and Property Damage Liability of the Commercial General Liability Part of the Policy, as amended by the Contractors Coverage Limitations and Audit Endorsement, provides, in pertinent part, that the Policy does not apply to "bodily injury" to "an 'employee' or 'temporary worker' of any insured arising out of and in the course of: [e]mployment by any insured; or [p]erforming duties related to the conduct of any insured's business.  Exclusion e. further provides that this exclusion applies "[w]hether an insured may be liable as an employer or in any other capacity," to "any obligation to share damages with or repay someone else who must pay damages because of the injury," or to "any liability assumed under any contract or agreement."  Ex. C at pp. 14, 43.

44.     The Policy defines "employee" to include a "leased worker," but not a "temporary worker."  The Policy defines "leased worker" to mean "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business." However, the Policy states that a "[l]eased worker" does not include a "temporary worker," which is defined as any person who is: "furnished to you to substitute a permanent 'employee'"; "a short-term worker"; or "not an 'employee' or 'volunteer worker'." Ex. C at pp. 27-28

45.     The Complaint alleges that, at the time of his fall at the Premises on November 16, 2017, Farias was employed as a carpenter by Rhino and further alleges that Farias' injuries occurred while he was performing said work on the building for Rhino. Ex. A at ¶ 3.

46.     The Third-Party Complaint, which attaches the Complaint as an exhibit thereto, also alleges that Farias was hired by Rhino to perform work on the Premises including, but not limited to, work on the roof of the building. The Third-Party Complaint seeks contribution from Rhino for any liability imposed on KZF and Timber's Edge arising out of Farias' alleged injuries. Ex. B at ¶¶ 5, 6.

47.     The Third-Party Complaint seeks to impose liability against Rhino for damages because of "bodily injury" to an "employee" of any insured [Rhino] arising out of and in the course of employment by Rhino and/or performing duties related to the conduct of Rhino's business.

48.     Accordingly, the Policy does not afford coverage for the claims asserted against Rhino in the Underlying Action because exclusion e. (Employer's Liability) of Coverage A of the Commercial General Liability Coverage Part of the Policy operates to bar coverage for such claims.

WHEREFORE, CFSIC seeks a judgment that it owes no duty to defend or indemnify Rhino in connection with the claims asserted against it in the Third-Party Complaint filed in the Underlying Action.

## COUNT II

### No Duty to Defend or Indemnify  Rhino -
### (Limitation of Coverage to Business Description Endorsement)

49.      CFSIC incorporates by reference herein paragraphs 1 through 48, as if the same were fully set forth at length.

50.      The Policy contains a Limitation of Coverage to Business Description Endorsement which provides, in pertinent part, that, SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, b.  is amended and the following added  . . . **(4)** The "bodily injury" or "property damage" is caused by or results from the business described in the Schedule. The Schedule of the Building Description Endorsement states as follows: "RESIDENTIAL FRAMING CONTRACTOR FOR NEW HOMES." Ex. C at p. 5.

51.      Pursuant to the operation of the Business Description Endorsement, the insuring agreement of Coverage A of the Commercial General Liability Coverage Part of the Policy provides that the insurance applies to "bodily injury" only if such "bodily injury" is caused by an "occurrence" that takes place in the "coverage territory" and the "bodily injury" is caused by or results from Rhino's business as a residential framing contractor for new homes.

52.      The Amended Complaint alleges that Rhino hired Plaintiff to perform work as a carpenter on the construction project and that Plaintiff was performing work on the roof of the building at the time of his injuries.  Ex. A at ¶ 3.

53.      The Third-Party Complaint alleges that Rhino hired Plaintiff to perform work as a carpenter on the construction project and that Plaintiff was performing work on the roof of the building at the time of his injuries.  Ex. B ¶ 6.

54. Neither the Amended Complaint nor the Third-Party Complaint allege that the construction project was "residential" or that Plaintiff was performing work for Rhino's "framing contractor" business.

55. Accordingly, CFSIC disclaims any obligation under the Policy to defend or indemnify Rhino in connection with the claims asserted against it in the Third-Party Complaint filed in the Underlying Action because the "bodily injury" alleged in the Underlying Lawsuit was not caused by or resulted from Rhino's business as a residential framing contractor for new homes and, therefore, fails to satisfy the requirements of the insuring agreement of Coverage A of the Commercial General Liability Coverage Part of the Policy.

WHEREFORE, CFSIC seeks a judgment that it owes no duty to defend or indemnify Rhino in connection with the claims asserted against it in the Third-Party Complaint filed in the Underlying Action.

## **PRAYER FOR RELIEF**

Plaintiff Crum & Forster Specialty Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendants Arturo Rogel DBA Rhino Construction Solutions and Kogen Friedman Development, Inc. f/k/a KZF Developments, Inc,, declaring as follows:

    a. This court has jurisdiction over the parties and the subject matter of this litigation;

    b. The Policy does not provide coverage to Defendant Arturo Rogel DBA Rhino Construction Solutions for the claims asserted against him in the Underlying Action;

    c. Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to defend or reimburse defense costs incurred by Defendant Arturo

Rogel DBA Rhino Construction Solutions in connection with the claims asserted against him in the Underlying Action;

d. Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to indemnify Defendant Arturo Rogel DBA Rhino Construction Solutions in connection with the claims asserted against him in the Underlying Action;

e. Crum & Forster Specialty Insurance Company is entitled to an award of its costs; and

f. Such other further relief as this Court deems just and appropriate.

Respectfully Submitted,

CRUM & FORSTER SPECIALTY INSURANCE COMPANY

Dated: May 12, 2022

By:     s/James J. Hickey
        James J. Hickey
        One of the Attorneys for Plaintiff
        Crum & Forster Specialty Insurance Company
        James J. Hickey (Illinois Bar No. 6198334)
        James.Hickey@kennedyslaw.com
        Julie Klein (Illinois Bar No. 6316842)
        Julie.Klein@kennedyslaw.com
        KENNEDYS CMK
        100 North Riverside Plaza, Suite 2100
        Chicago, IL 60606
        Phone: (312) 800-5000
        Fax: (312) 207-2110